The Chief Justice

delivered the Opinion of the Court.
Milly, apparently a white woman, about forty years old, and who had been treated as a slave from her birth, brought an action of trespass against Chancellor, who held and claimed her as his property.
*24 Upon the trial, on an appropriate issue for trying her claim to freedom, she was exhibited before the jury for their inspection; and thereupon, Chancellor, in order to repel any presumption arising in her favor from her color, offered to prove that, in the family in which she was born and reared from infancy, she had ever been called and reputed the child of a woman of color, who was a slave, and the property of that family. But the Circuit Court refused to admit the proffered evidence; and in this there was error.
Milly’s color being only prima facie proof that she is free, the fact that, nevertheless, her mother was a slave, might rebut the presumption arising from her being apparently a white woman. And we do not doubt that such reputation of Milly’s maternity as that which the plaintiff in error offered to prove, was admissible as evidence.
After the lapse of forty years, such a fact would scarcely ever be susceptible of any other proof than that of reputation. And we perceive no reason, why it should not be admissible in a suit for freedom, as well as in all other suits in which proof of pedigree becomes material. This court, in Gentry vs M’Minnis, 3 Dana, 384, virtually decided that point, when it said that prescription, if admissible at all, as evidence of slavery, could only be “cor-“roberative, or rather illustrative in a remote degree, of a “more decisive fact, such as color or reputation as to “maternity.”
Such reputation would have been admissible in Milly’s favor, if her reputed mother had been free; and that which she might have proved to create a presumption in her favor, her adversary should be permitted to show against her.
What effect such evidence should have, or whether without corroberation from other circumstances, it should be deemed by the jury sufficient to repel the presumption created by color, we cannot decide. All we can say is, that the rejected evidence was admissible.
Wherefore, the judgment in favor of Milly, must be reversed, and the cause remanded for a new trial.